**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZENOBIA SHEPARD ) | |
| 11509 Capstan Drive ) | |
| Upper Marlboro, MD 20772 ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| JOSE C. SANCHEZ-ESTRADA ) | |
| 8675 Rising Creek Court ) | |
| Springfield, VA 22153 ) | |
| ) | |
|     Defendant ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Zenobia Shepard, by and through her attorneys, Michael J. Winkelman, and McCarthy, Winkelman & Mester, L.L.P., and files this Complaint against Defendant, Jose C. Sanchez-Estrada, and states as follows:

**THE PARTIES**

1. Plaintiff Zenobia Shepard is an adult citizen of the State of Maryland.

2. Defendant Jose C. Sanchez-Estrada is an adult citizen of the Commonwealth of Virginia.

**JURISDICTION AND VENUE**

3. That this is an action for personal injury caused to the Plaintiff by the negligence of the Defendant which occurred in the District of Columbia.

4. That the Plaintiff is a resident of the State of Maryland and the Defendant a resident of the Commonwealth of Virginia.

5. That there is complete diversity of citizenship between the parties and the amount

in controversy exceeds Seventy-Five Thousand Dollars ($75,000). Accordingly, there is jurisdiction in this Court under 28 U.S.C. 1332.

6. Plaintiff has satisfied all conditions precedent to the filing of this complaint.

**FACTS**

7. That on or about September 9, 2016, Zenobia Shepard (hereinafter the "Plaintiff") was operating her motor vehicle northbound on the George Washington Memorial Parkway in the District of Columbia.

8. That at the same time and place aforementioned, the Defendant, Jose C. Sanchez-Estrada, was operating his motor vehicle several cars behind the Plaintiff's vehicle northbound on the George Washington Memorial Parkway in the District of Columbia.

9. That subsequently a collision occurred between the Defendant Jose C. Sanchez-Estrada vehicle and another vehicle which resulted in a chain reaction eventually leading to Plaintiff's vehicle being struck from behind.

10. That the collision was caused by the Defendant failing to pay full attention to his surroundings and maintain a safe speed and distance from the vehicle in front of him, thereby striking the vehicle and causing a series of rear-end collisions.

11. That the Plaintiff did not cause or contribute in any way to the incident that gives rise to this litigation.

12. That as a result of the negligent conduct of Defendant, the Plaintiff was caused to strike her body about the vehicle.

13. That as a direct and proximate result of the actions of Defendant, the Plaintiff sustained injuries including, but not limited to, her head, neck, back, knee, hip, right shoulder,

neurological injuries and aggravation of pre-existing injuries.

14. That as a direct and proximate result of the actions of Defendant, the Plaintiff was caused to incur medical expenses for treatment and will continue to incur medical expenses in the future; suffered costs associated with property damage to her vehicle; and has suffered and will continue to suffer physical and mental pain and discomfort.

## COUNT I
### (Negligence)

15. Plaintiff incorporates all of the preceding paragraphs by reference.

16. That Defendant owed a duty to Plaintiff to operate his vehicle in a safe and prudent manner under the circumstances; to keep a proper lookout for other vehicles lawfully on the roadway; to slow his vehicle as appropriate for other vehicles on the roadway and to proceed at a speed no greater than reasonable for the conditions then and there existing; and to take appropriate steps to avoid a collision with other motor vehicles when he knew or should have known that a collision was imminent; and to in all other ways operate his vehicle in a safe and prudent manner under the circumstances.

17. That in spite of said duties the Defendant, did fail to keep a proper lookout, did fail to maintain a speed reasonable and prudent under the circumstances, did fail to observe what was there to be seen, did fail to keep his vehicle under control, did fail and neglected to give the appropriate warnings under the circumstances, did fail to obey the motor vehicle rules and regulations then in effect, and was negligent for such other and further acts.

18. That as a direct and proximate result of the actions of Defendant, the Plaintiff was caused to incur medical expenses for treatment and will continue to incur medical expenses in the

future, suffered costs associated with property damage to her vehicle, and has suffered and will continue to suffer physical and mental pain and discomfort.

**WHEREFORE,** for the foregoing reasons, Plaintiff, Zenobia Shepard, demands judgment against Defendant Jose C. Sanchez-Estrada, in the amount of two million dollars ($2,000,000.00), plus costs, fees and allowable interest.

McCARTHY, WINKELMAN & MESTER, L.L.P.

By: _____
Michael J. Winkelman, Bar No.: 13815
4300 Forbes Boulevard, Suite 205
Lanham, MD 20706-4314
301-262-7422
301-262-0562 (fax)
mwinkelman@mwmlawyers.com
*Attorney for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues raised herein.

_____
Michael J. Winkelman